■ In the Matter of JESSICA G. and Others, Children Alleged to be Abused and Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WALTER J., Appellant. [607 NYS2d 156] —Yesawich Jr., J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered September 28, 1992, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's stepchildren and biological children to be abused and neglected.

Petitioner commenced this proceeding in May 1992 charging that respondent had abused his children, Elizabeth (born in 1984) and Walter (born in 1992) and Christopher (born in 1991), and stepchildren, Jessica (born in 1982) and Justina (born in 1988), by, *inter alia,* sexually abusing Jessica and inflicting excessive corporal punishment on all of the children. Following a fact-finding hearing, Family Court found that respondent had sexually abused Jessica and had hit several of the children with a belt, and on this basis determined that Jessica had been abused and the other children neglected, as those terms are defined by Family Court Act § 1012. After a dispositional hearing, respondent was placed under petitioner's supervision and essentially barred from any contact with the children for one year. Respondent appeals, contending that the abuse and neglect findings were not supported by a preponderance of the evidence.

We disagree. The bulk of the evidence took the form of testimony as to Jessica's prior out-of-court statements to the social workers involved in the investigation. Although not sufficient, standing alone, to support a finding of abuse *(see,* Family Ct Act § 1046 [a] [vi]), this hearsay evidence was properly corroborated by Jessica's in camera testimony *(see, Matter of Christina F.,* 74 NY2d 532, 533), which was consistent in all material respects with her prior statements. Although Jessica was not sworn, her testimony was taken in chambers with all of the attorneys present, and they were afforded an opportunity, if they chose, to cross-examine her; moreover, Family Court also posed several questions and had ample opportunity to evaluate Jessica's demeanor *(see, supra,* at 537).

The social workers and Jessica's foster mother all testified that Jessica had told them of several incidents of abuse by

respondent. When questioned by the Law Guardian, Jessica stated that on one occasion, as she was coming out of the bathroom, respondent had told her to go back in, and had then placed his finger into her "private" and masturbated. She recounted another occasion when respondent asked her to pull down her pants, removed his own, and lay on top of her, rubbing "real hard", and yet another when respondent showed her a plastic dildo and asked her to touch it. Jessica's recitation of these occurrences, which Family Court found credible, was sufficient to corroborate the other witnesses' testimony. Furthermore, certified social worker Donna Zulch, who is trained as a child sexual abuse validator, noted that Jessica's demeanor, as well as the substance of her statements, were consistent with validation criteria, and that Jessica's knowledge of sexual matters was more advanced than would be expected of a child her age who had not been abused. This, too, provides corroboration of Jessica's out-of-court statements (see, Matter of Brandon UU., 193 AD2d 835, 837).

Respondent's testimony that Jessica had been abused by her biological father's brother, or by another man or boy in the past, only presented a question of credibility, which Family Court resolved in petitioner's favor—a decision we find no reason to disturb (see, Matter of Scott X., 184 AD2d 866, 868). Parenthetically, we note that although Jessica apparently recanted her claim of abuse on two occasions, a circumstance predicted by Zulch and which Jessica later explained was precipitated by her intense desire to return home, it is significant that she never said that anyone other than respondent had abused her.

Finally, although Jessica's statement that respondent struck her and the other children with a belt on several occasions is not, without more, enough to warrant a finding that he inflicted excessive corporal punishment (see, Matter of William EE., 157 AD2d 974, 976), his sexual abuse of Jessica furnishes ample support for a finding that the other children were at risk of similar abuse, and therefore provides a basis for the determination of neglect (see, Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [i]; Matter of Anita U., 185 AD2d 378, 380-381; Matter of Vincent M., 193 AD2d 398).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.