■ In the Matter of MICHAEL WW., a Child Alleged to be Abused and Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; ROY XX. et al., Respondents. CARMEN GARUFI, as Law Guardian, Appellant. [611 NYS2d 47] — Yesawich Jr., J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered May 5, 1993, which denied the Law Guardian's motion, in a proceeding pursuant to Family Court Act article 10, to compel respondent Roy XX. to submit to an HIV-related blood test.

In February 1993 petitioner commenced this proceeding on behalf of Michael WW., an eight-year-old boy who had been living with several unrelated parties due to his mother's inability to care for him. The petition alleges, among other things, that the boy had been sexually abused by respondent Roy XX. (hereinafter Roy), a man with whom he was living. After an initial hearing was held, and before a pretrial conference scheduled for May 5, 1993, Michael's Law Guardian moved for an order compelling Roy to submit a blood sample for an HIV-related blood test. Family Court denied the motion and the Law Guardian appeals.

Public Health Law § 2781 (1) requires that consent be obtained from the subject before an HIV-related blood test can be performed, unless such a test is otherwise specifically authorized by State or Federal law. Even if we accept the Law Guardian's suggestion that Family Court Act § 1038-a provides such authorization, that section permits the securing of the necessary blood sample "only if the court finds probable cause that the evidence is reasonably related to establishing the allegations in a petition" (Family Ct Act § 1038-a).

Here, however, there is no way in which the results of the test sought by the Law Guardian could serve to establish the allegations of the petition. Proof that Roy is infected with HIV is not in any way probative of whether he perpetrated the particular acts of sodomy and sexual abuse charged. It is true that the charges of abuse and neglect that have been brought against Roy encompass an accusation that he has impaired Michael's physical, mental or emotional condition, and a showing that he infected the child with the HIV virus would certainly bear upon the nature and extent of such impair-

ment; nevertheless, even if the alleged acts of sodomy are ultimately proven, the fact that Roy is infected still will not, without more, establish that the virus was transmitted to Michael. It is not insignificant in this regard that even Michael stated that his abuser wore a condom during the alleged penetration.

Sympathetic though we are to the Law Guardian's position that Family Court Act article 10 is intended to safeguard the mental and emotional well-being of children (see, Family Ct Act § 1011; Matter of Charles DD., 163 AD2d 744, 747), we are also obliged to take cognizance that article 10 strives to ensure that those accused receive due process (see, Family Ct Act § 1011; Besharov, 1987 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1011 [1994 Pocket Part], at 57-58), and that Family Court Act § 1038-a represents a legislatively selected balance of these purposes. Moreover, even if Family Court Act § 1011 could be construed so broadly as to vest Family Court with the authority to order the test solely because it might put to rest Michael's fear of contracting AIDS, testing Roy will not necessarily accomplish this result, for Roy could test positively, causing Michael more fear, which might still be unwarranted if the virus was not transmitted.

In short, the only way to determine whether Michael has been infected, and to allay his fears if he has not, is to test Michael himself, and there is no reason why that course should not be pursued at this time. If Michael does test positively, that unfortunate result may provide some evidence that he was abused, thus tending to establish the allegations of the petition to a much greater degree than would a test of Roy; it may also provide probable cause, coupled with the remainder of the allegations of the petition, for testing Roy to determine whether he was possibly the source of Michael's infection.

Mercure and Crew III, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

The Law Guardian's contention that Family Court abused its discretion in denying his application to compel respondent Roy XX. to undergo HIV-related blood testing is persuasive. Family Court's order denying the Law Guardian's motion should be reversed and the motion granted.

Authority for Family Court to compel a respondent to submit to HIV-related blood testing is found in Family Court Act § 1038-a, which provides that: "the court may order a

respondent to provide nontestimonial evidence, only if the court finds probable cause that the evidence is reasonably related to establishing the allegations in a petition filed pursuant to [article 10]. Such order may include * * * [a] provision for the taking of samples of blood * * * or other materials from the respondent's body" (Family Ct Act § 1038-a). Further authority is found in CPLR 3121 providing that if, *inter alia,* the physical condition of a party is in controversy, any party may serve notice to any other party to submit to, *inter alia,* a blood examination. This section is made applicable to Family Court via Family Court Act § 165 (a). The purpose of Family Court Act article 10 is to establish procedures to "help protect children from injury * * * and to help safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011; *see, Matter of Charles DD.,* 163 AD2d 744, 747; *see also, Osborne v Ohio,* 495 US 103, 109). The petition of the Law Guardian demonstrates the requisite "nexus" and the blood test is evidence "reasonably related to establishing the allegations in [the] petition" (Family Ct Act § 1038-a). Family Court's reliance on *Matter of Department of Social Servs. v Janice T.* (137 AD2d 527) is misplaced because that case is factually distinguishable. There, the mother of the child bit a Deputy Sheriff attempting to arrest her and the test sought had nothing to do with the child.

Ordered that the order is affirmed, without costs.