■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of DENISE R. and Another, Children Alleged to be Abused, Respondent. MAXIMINO R., Appellant. [631 NYS2d 431] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals (1) as limited by his brief, from stated portions of a fact-finding and dispositional order (one paper) of the Family Court, Kings County (Yancey, J.), dated October 29, 1993, which, *inter alia,* found that he sexually abused Denise R. and Maximino R., and (2) an order of commitment of the same court, dated October 29, 1993, which, *inter alia,* found him in contempt of court.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the contentions of the appellant, the instant proceeding is not barred on the ground of constitutional double jeopardy. The appellant was previously convicted of rape in the first degree of Denise R. and sodomy in the first degree of Maximino R. However, the instant matter is civil in nature *(see, People v Roselle,* 84 NY2d 350). The Family Court Act expressly envisions concurrent criminal proceedings *(see,* Family Ct Act § 1014). There is no merit to the appellant's claim that he may not be charged with abuse or neglect under Family Court Act article 10 solely by virtue of the fact that he was previously convicted for the same conduct *(see, People v Daniels,* 194 AD2d 420; *see also, Matter of Suffolk County Dept. of Social Servs. v James M.,* 83 NY2d 178).

Moreover, the Family Court's decision to punish the appellant for his disorderly, contemptuous, and insolent behavior was not an improvident exercise of discretion *(see,* Judiciary Law § 750 [a] [1]).

We have reviewed the appellant's remaining contentions

and find them to be without merit. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.