■ In the Matter of LESLIE C., a Child Alleged to be Abused. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN B., Appellant. [637 NYS2d 560] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Respondent contends that Family Court erred in excluding his attorney during the in camera testimony of the nine-year-old child, whom the court ultimately found was sexually abused by respondent. We agree. Although the in camera testimony of the child was appropriate *(see, Matter of Christina F.,* 74 NY2d 532; *Matter of Jessica G.,* 200 AD2d 906), there is no basis in this record for excluding respondent's attorney and precluding cross-examination of the child *(cf., Matter of Kim K.,* 150 Misc 2d 690), whose out-of-court statements regarding the abuse were not otherwise corroborated *(see,* Family Ct Act § 1046 [a] [vi]). Petitioner's reliance upon *Matter of Lincoln v Lincoln* (24 NY2d 270), a custody case, is misplaced. In *Lincoln,* a confidential interview was necessary to prevent the children from having to choose openly between their parents *(see also, Matter of Ladd v Bellavia,* 151 AD2d 1015). While the issue in a custody case is what custodial arrangement is in the best interests of a child, the issue in an abuse case is whether petitioner has proved by a preponderance of the evidence that the child is abused and that respondent is responsible for the abuse *(see, Matter of Tammie Z.,* 66 NY2d 1). Unlike a custody case, in an abuse case the child is in an adversarial position to respondent. Here, the child had previously testified against respondent, her former stepparent, at a parole violation hearing. More importantly, testimony of a child is not legally necessary in a custody case, whereas here, it is essential to establish petitioner's case.

The order denying appellate counsel access to the transcript of the in camera proceeding is not properly before us because no appeal was taken from that order nor leave to appeal sought. We note that the transcript of the in camera proceeding was omitted from the stipulated record. Regardless of whether the transcript should have been made available to appellate counsel, it should have been furnished to this Court *(see,* CPLR 5526). The court expressly relied on the child's in camera testimony and appellate review is impossible without it.

Upon remittal, a new trial is required unless petitioner determines that the protection of the child no longer requires aid of the court *(see,* Family Ct Act § 1011). (Appeal from Order of Erie County Family Court, Dillon, J.—Child Abuse.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.