■ In the Matter of THOMAS N. et al., Children Alleged to be Abused and Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HOWARD P., Appellant. [645 NYS2d 573] —Mercure, J. P. Appeals (1) from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered July 21, 1993, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and

adjudicated Kelly N. an abused child, and (2) from an order of said court, entered July 21, 1993, which issued an order of protection.

As relevant to this appeal, the petition in this proceeding under Family Court Act article 10 alleges that between January 1991 and February 1992 respondent committed sexual offenses against his stepdaughter, Kelly N. (born in 1978), by fondling her breasts. At the fact-finding hearing, Michelle Cappelletti, a caseworker with the Schenectady County Child Protective Services, testified as to her investigation of the initial child abuse hotline report and her subsequent interviews with Kelly, Kelly's mother and the other children in the household. Cappelletti testified that during these interviews, Kelly disclosed to her that between October 1991 and February 1992 respondent had fondled, kissed and sucked on her breasts. The evidence also showed that Kelly made consistent allegations in a February 24, 1992 written statement to State Police investigators. Finally, Angela Barris, a team leader director for the Sexual Abuse Treatment Program at Northeast Parent and Child Society in the City of Schenectady, Schenectady County, testified that she interviewed Kelly in April 1992 and, using a known methodology based on several behavioral factors, was able to validate that sexual abuse had occurred and that respondent was the likely perpetrator.

Family Court denied respondent's motions to dismiss the petition for failure to establish a prima facie case and for a directed verdict. The court found that respondent was a person legally responsible for Kelly, that Kelly's out-of-court statements regarding respondent's actions had been sufficiently corroborated by Barris' validation testimony, that respondent's conduct between October 1991 and February 1992 constituted the crime of sexual abuse in the second degree (*see*, Penal Law § 130.60) and that Kelly was therefore an abused child. Respondent appeals the ensuing order of disposition and order of protection, contending only that Family Court erred in denying his motion to dismiss the petition because there was insufficient evidence to corroborate Kelly's out-of-court statements (*see*, Family Ct Act § 1046 [a] [vi]) and to establish that respondent committed the acts for the purpose of sexual gratification.

We affirm. In our view, Barris' hearing testimony was legally sufficient to validate and corroborate Kelly's out-of-court statements to the extent required by Family Court Act § 1046 (a) (vi). We begin our discussion with the established principles that Family Court Act § 1046 (a) (vi) "states a broad flexible rule" (*Matter of Nicole V.*, 71 NY2d 112, 118), permitting the

corroborative evidence to consist of "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]), and that Family Court has "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse * * * have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" (*Matter of Nicole V., supra*, at 119; *see, Matter of Nichole L.*, 213 AD2d 750, 751, *lv denied* 86 NY2d 701). Of greatest significance here, the corroboration requirement may be satisfied by the validation testimony of an expert investigating the allegations of sexual abuse (*see, Matter of Nicole V., supra; Matter of Kelly F.*, 206 AD2d 227, 229; *Matter of Brandon UU.*, 193 AD2d 835, 836; *Matter of Linda K.*, 132 AD2d 149, *lv denied* 70 NY2d 616).

Barris' qualifications included a Master's degree in social work, completion of a 210-hour postgraduate course in the investigation and validation of cases of child sexual abuse, and an additional 21 hours of training with Suzanne Sgroi, the designer of a tool for testing the validity of a child's statements. The Sgroi method tests for the existence of five standards; (1) multiple incidents of the abuse over time, (2) progression of sexual activity, (3) an element of secrecy, (4) an element of pressure or coercion, and (5) the graphic detail of the events. At the time she evaluated Kelly, Barris had employed the process on approximately 60 to 65 occasions. Based upon her interview with Kelly, Barris determined that Kelly met four of the five standards, the secrecy element being absent, and opined that Kelly had been the victim of sexual abuse and that respondent was the likely perpetrator.

In our view, there is adequate record support for Family Court's conclusion that, despite deficiencies disclosed by respondent's effective cross-examination, Barris' testimony and opinions were credible and worthy of consideration and constituted sufficient corroboration of Kelly's out-of-court statements. This is not a case where the validator merely vouched for the victim's credibility (*compare, Matter of Kelly F., supra*), and respondent's challenge to the scope and quality of Barris' testimony merely raised questions of weight and credibility for Family Court's determination (*see, Matter of Nichole L., supra*). As a final matter, we note that where, as here, there is no "innocent explanation for the conduct", the sexual gratification element of sexual abuse can be inferred from the conduct itself (*see, Matter of Shannon K.*, 222 AD2d 905, 906).

Crew III, Casey, Peters and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.