■ In the Matter of KATJE YY., a Child Alleged to be Abused and Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRIAN YY., Appellant. [650 NYS2d 363] —Casey, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered June 22, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected.

Pursuant to Family Court Act § 1046 (a) (vi), a child's out-of-court statements relating to abuse or neglect may be introduced into evidence and, if sufficiently corroborated, will support a finding of abuse or neglect. Respondent contends that his daughter's out-of-court statements relating to sexual abuse were not sufficiently corroborated to support Family Court's finding of abuse and neglect. We reject the argument.

Corroboration of a child's out-of-court statements is required because they are hearsay, not because of any perception of inherent unreliability in such statements (see, Matter of Nicole V., 71 NY2d 112, 118). Sufficient corroboration means "[a]ny

other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]), which includes proper validation testimony from an expert (*see, Matter of Vincent I.*, 205 AD2d 878, 879; *see also, Matter of Tracy V. v Donald W.*, 220 AD2d 888). Relying upon *Matter of Kelly F.* (206 AD2d 227), respondent contends that the validation testimony of petitioner's expert was insufficient to corroborate the child's out-of-court statements of sexual abuse. We conclude, however, that the validation testimony of petitioner's expert in this case is readily distinguishable from the expert testimony found insufficient in the *Kelly F.* case.

Review of the expert's testimony in the *Kelly F.* case *(supra)* led this Court to conclude that the expert "offered Family Court nothing more than his opinion that Kelly was telling the truth when she said she had been sexually abused by respondent" *(supra, at 229)*, and we held that "such testimony, standing alone, does not in our view constitute reliable corroboration of Kelly's statements" *(supra, at 230)*. In this case, petitioner's expert offered Family Court much more than just his opinion that the child was being truthful. In fact, the expert made no effort to vouch for the child's credibility, but instead concluded that "the eye witness account provided by Katje * * * conformed well to the pattern and the content of accounts given by children who are known to have been sexually abused, so in my opinion she was providing an account which appeared to be any eye witness account of real events that happened to her". The expert described the methodology which he used in his interview of the child and also provided a detailed explanation of the reasoning he used in reaching his conclusion. Respondent identifies certain "problems" encountered by the expert during his interview of the child, but the expert's testimony includes a detailed explanation of the "problems" and the reasons for his conclusion that the "problems" did not affect his ability to form an opinion on the validation issue.

In these circumstances, we are of the view that there is adequate record evidence to support Family Court's decision to credit the validation testimony of petitioner's expert (*compare, Matter of Thomas N.*, 229 AD2d 666, *with Matter of Keala XX.*, 217 AD2d 745). Respondent's vigorous cross-examination of the expert, together with the testimony of respondent's own expert, created issues of weight and credibility, and we find no basis in the record to disturb Family Court's determination of those issues.

We reject respondent's contention that Family Court should

have conducted an in camera interview of the young child. The statutory corroboration requirement was satisfied and, therefore, the child's out-of-court statements were sufficient to establish the sexual abuse (*see*, Family Ct Act § 1046 [a] [vi]).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.