■ In the Matter of VICTORIA KK., a Child Alleged to be Abused. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DORSEY LL., Appellant. [650 NYS2d 390] —Spain, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered December 23, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

Veronica KK., born in 1984, had no contact with respondent, her biological father, prior to February 1992 when the child's mother voluntarily allowed her to reside with respondent. In June 1993 the child reported to school officials that she had been sexually abused by respondent. The instant proceeding was commenced by petition dated August 5, 1993 alleging that respondent committed a sex offense, as defined in the Penal Law, against the child.

At the fact-finding hearing, a caseworker with petitioner testified that he went to the child's school to investigate a report that the child had been abused by respondent and that the child revealed to him that respondent had sexually abused her at least once a week, from September 1992 to February 1993. An investigator with the State Police testified that he interviewed the child in June 1993 and took a statement from her wherein she stated that respondent sexually abused her. A senior therapist working at Rensselaer County Mental Health/

Unified Services did an evaluation of the child in July 1993; the therapist described a very specific and thorough format she uses when interviewing a child believed to have been sexually abused. She testified that the child was very coherent and spontaneous in her statements, leading her to conclude that the statements were genuine and not rehearsed. The child was able to provide "unusual details" of particular acts of abuse that allegedly occurred including, *inter alia*, that her father, who abused her in many different bedrooms of the house, would lay on her bed, pull down her pajamas and then get on top of her and move around until "white icky stuff got all over the bedspread". She also disclosed to the therapist that "one time he tried to french-kiss [her], one time he tried to lick [her] pee pee". The therapist also interviewed respondent; she testified that he admitted to her that he had sexual thoughts about his children in the past, that if he did abuse the child he did not remember it and that he was fearful that "maybe this happened". Based on her interviews with the child and respondent, as well as other variables obtained in her research, the therapist concluded that there was a strong amount of evidence to support the child's allegations.

A physician testified that the child's statements to him were consistent with the alleged abuse, but that findings from his physical examination would not necessarily substantiate physical penetration of the child. A second physician, a certified obstetrician/gynecologist, testified that she observed a slight thickening at the vaginal opening, which could be caused from the acts which the child reported or from chronic irritation due to infection or rubbing. Respondent, testifying in his own behalf, stated that he had never engaged in sexual activity with any of his children. Family Court held an in camera interview with the child in which the parties were given an opportunity to submit questions for the child. Family Court determined that petitioner sustained its burden of proving, by a preponderance of the evidence, that respondent sexually abused his eight-year-old daughter. Respondent appeals.

We affirm. It is well settled that Family Court has " 'considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse * * * have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Matter of Thomas N.*, 229 AD2d 666, 668, quoting *Matter of Nicole V.*, 71 NY2d 112, 119). Reliable corroboration may be in the form of validation testimony from an expert (*see, Matter of Thomas N., supra; Matter of Nicole V., supra; Matter of Kelly F.*, 206 AD2d 227). The

therapist, who is a specialist in the field of child sexual abuse cases, testified that in her opinion, based on her interviews with the child and respondent, sexual abuse had occurred. She testified that the child was spontaneous in her statements, suggesting that they were not rehearsed, and that the specific and consistent sexual detail that the child was able to articulate was strong evidence to support the child's allegations (*see, Matter of Tracy V. v Donald W.*, 220 AD2d 888; *Matter of Jessica G.*, 200 AD2d 906, 907). In our view the child's detailed and consistent in camera interview, coupled with the totality of the testimony of the witnesses presented by petitioner, sufficiently corroborate the out-of-court statements of the child (*see, Matter of Jessica G., supra*, at 906) and amply support Family Court's determination.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.