■ In the Matter of RANDY A. and Another, Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAY A., Appellant. [670 NYS2d 225] —White, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered April 10, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Randy A. and Robert B. to be abused and/or neglected children.

At the fact-finding hearing in this proceeding under Family Court Act article 10, petitioner presented the testimony of a caseworker and an investigator from the Tompkins County Sheriff's Department who interviewed the victim Robert B., a three-year-old male, on two occasions in April 1996. They testified that the victim related various incidents of sexual abuse perpetrated upon him by respondent, his mother's paramour. Petitioner also presented the testimony of Keshil Waterland, a clinician with experience in counseling children who have been sexually abused. She related that during a counseling session the victim told her that respondent had sexually abused him. Based upon her observation of the victim's behavior, she opined that he was suffering from posttraumatic stress syndrome as

the result of having been sexually abused. The victim's grandmother also testified regarding her observation of the change in the victim's behavior following visitations with his mother. In addition to this testimony, the victim, in the course of a *Lincoln* hearing, revealed to Family Court that respondent had sexually abused him.[1] Predicated upon this record, Family Court sustained the petition, finding that the victim's out-of-court statements were corroborated by his in camera testimony and Waterland's testimony.[2] Respondent appeals.

Respondent initially argues that Waterland's testimony cannot serve to corroborate the victim's out-of-court statements since she was not a duly qualified validator. It is well established that the standard for determining what constitutes sufficient corroborative evidence is not overly stringent as Family Court has considerable discretion in deciding whether there is "[a]ny other evidence tending to support the reliability of the [child's out-of-court] statements" (Family Ct Act § 1046 [a] [vi]; *see, Matter of Thomas N.*, 229 AD2d 666). Here, Waterland testified that she held a Master's degree in counselor education and had been working since 1989 as a clinician counseling children with emotional problems resulting from, *inter alia*, sexual abuse. She supported her opinion with her observations of the victim's behavior which she found was similar to the behavior of other children she counseled who were suffering from post-traumatic stress syndrome brought on by sexual abuse. In view of these circumstances, we conclude that Family Court did not abuse its discretion in accepting Waterland's testimony as sufficient corroboration for the victim's out-of-court statements (*see, Matter of Katje YY.*, 233 AD2d 695; *Matter of Victoria KK.*, 233 AD2d 801). We further note that the grandmother's testimony regarding the change in the victim's behavior also served to corroborate his statements (2 Carrieri-Lansner, NY Civ Prac: Family Court Proceedings § 31.10 [7] [j]).

When Family Court conducted the *Lincoln* hearing, it excluded respondent and the attorneys except for the Law Guardian, who was permitted to reveal to counsel whatever she felt was germane with respect to the hearing. Respondent maintains that this procedure violated his due process rights. Inasmuch as child protective proceedings under Family Court Act article 10 are civil in nature (*see, People v Le Blanc*, 199

---

1. Despite Family Court's direction that the transcript of the *Lincoln* hearing not be released to the parties and should be sealed, it inexplicably appears in the record on appeal.

2. Family Court also determined that another child was a derivatively neglected child.

AD2d 584, 586, *lv denied* 82 NY2d 926), respondent's right to be present at every step of the trial is not absolute (*see, Cook v Boyd*, 881 F Supp 171, 175; *Maloney v Shoparama Inv. Assocs.*, 144 AD2d 112, *lv dismissed* 74 NY2d 642; *Matter of Raymond Dean L.*, 109 AD2d 87). We, nevertheless, must recognize that Family Court Act article 10 strives to ensure that those accused receive due process (*see, Matter of Michael WW.*, 203 AD2d 763, *lv dismissed* 83 NY2d 1000). In the context of a *Lincoln* hearing, the accused's due process rights and the desire to protect the child's mental and emotional well-being can be accommodated by permitting the attorneys to be present and affording them an opportunity to question the child (*see, Matter of Christina F.*, 74 NY2d 532, 537; *Matter of Jessica G.*, 200 AD2d 906). We note that this is not the exclusive protocol (*see, Matter of Kim K.*, 150 Misc 2d 690, 695-696); however, any alternative procedure must not create the risk of an erroneous deprivation of the accused's rights (*see, Mathews v Eldridge*, 424 US 319, 334-335). We need not decide whether the protocol followed by Family Court met this standard since the victim's out-of-court statements were corroborated by evidence other than his in camera testimony (*compare, Matter of Leslie C.*, 224 AD2d 947).

For these reasons, we affirm Family Court's order.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.