OPINION OF THE COURT
Andrew P. Bivona, J.
This is an application for a protective order as to a demand for interrogatories and notice to admit. The application was brought on by notice of motion returnable on March 10, 1998. An affirmation in response dated March 10, 1998 was received by the court. No one appeared on the return date and the motion was marked fully submitted.
The petition filed herein alleges that the subject children are neglected children because the father becomes intoxicated on a regular basis and punches the children Jerry and David when he is intoxicated. The petition alleges that the stepmother is neglectful because she is aware of the incidents and does nothing to protect the children. It is further alleged that the parents were unwilling to provide a home for the oldest child, David, who was 16 at the time of the alleged acts of neglect and allegedly homeless having left home because of the father’s alleged abuse.
At the time of the preliminary proceeding, an attorney from the Children’s Rights Society, Inc., appeared as Law Guardian. Subsequent to that appearance, the Law Guardian wrote the court and advised that she had interviewed the two younger children, and based on that interview believed that a conflict of interest existed between the younger children and the oldest child and requested that a different Law Guardian be appointed for David.
Thereafter, the Assistant County Attorney filed a demand for interrogatories and a notice to admit and served same upon the respondents and the Children’s Rights Society, Inc., the Law Guardian. The attorney for the respondents filed the instant application for a protective order.
The preliminary proceeding in this matter was held on January 13, 1998 and a trial date of February 17, 1998 was set. There was no request at that time for a discovery schedule. The court notes that the demand for interrogatories and notice to admit were originally served by mail on the respondents’ counsel on January 22, 1998. On February 14, 1998 the respondents signed a consent to change attorney which *365 substituted new counsel. The Assistant County Attorney requested an adjournment of the proceeding based on the substitution of counsel and the outstanding discovery demands by letter dated February 9, 1998. On February 17, 1998 the matter was adjourned until March 26, 1998 for trial.
Although there is a wealth of case law regarding discovery by a respondent in proceedings pursuant to article 10 of the Family Court Act, there appears to be a dearth of case law regarding discovery requests by a petitioner agency. Accordingly, this appears to be a case of first impression.
Case law has repeatedly emphasized that an article 10 proceeding is civil in nature. (Matter of Commissioner of Social Servs. of City of N. Y. [Denise R.], 219 AD2d 715 [2d Dept 1995]; Matter of Randy A., 248 AD2d 838 [3d Dept 1998].)
Further, Family Court Act § 1038 (d) provides as follows: “Unless otherwise proscribed by this article, the provisions and limitations of article thirty-one of the civil practice law and rules shall apply to proceedings under this article. In determining any motion for a protective order, the court shall consider the need of the party for the discovery to assist in the preparation of the case and any potential harm to the child from the discovery. The court shall set a schedule for discovery to avoid unnecessary delay.”
The court can draw no other conclusion than that the discovery demands by the petitioning agency are properly made. The court has reviewed the notice to admit and the demand for interrogatories. The court notes that the purpose of a notice to admit is to “eliminate from the issues in litigation matters which will not really be in dispute at the trial.” (Falkowitz v Kings Highway Hosp., 43 AD2d 696 [2d Dept 1973].) However, it cannot be used “to seek admissions of material issues or ultimate or conclusory facts”. (Villa v New York City Hous. Auth., 107 AD2d 619, 620 [1st Dept 1985].)
The respondents were asked to admit four statements. First, that the respondent father has three indicated reports against him in the New York State Central Registry. The court can only presume that the reports are regarding issues which will be in dispute at the trial. Although the petitioning agency usually testifies as to indicated reports without objection, the rules of evidence would actually preclude same from testimony.
The second and fourth statements ask the respondents to admit that they refused to allow the child David to return to *366 their home and that they made no plans for their child to return to their home. These are “admissions of material issues or ultimate or conclusory facts” to be proven at trial and therefore not proper for a notice to admit.
However, the third statement which asks the respondents to admit that the child David was living in a shelter and outside of the respondents’ home for all or part of December of 1997 or January of 1998 is proper and is allowed by the court.
As regards the demand for interrogatories, the motion for an order of preclusion is denied. CPLR 3101 (a) (1) provides that:
“There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
“(1) a party”.
Respondents contend that the information sought is within the knowledge of the respondents by virtue of their interviews and any further response is unnecessary, improper, unreasonable and prejudicial to the petitioners (meaning respondents). However, the purpose of an interrogatory is for fall disclosure and interviews cannot be equated with disclosure. The respondents do not set forth the basis that the response is unnecessary, improper, unreasonable or prejudicial and the court does not find that the information sought falls into those categories.
The court notes that the notice of motion was incorrectly captioned Dale and Kim E. as petitioners and the Orange County Department of Social Services and the Children’s Rights Society, Inc., as respondents. The court has corrected the caption by way of this decision and order.
The motion for a protective order is denied in its entirety as regards the demand for interrogatories and granted as to enumerated items 1, 2, and 4 of the notice to admit.