■ In the Matter of JAMIE EE. and Others, Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellants; WAYNE FF., Respondent; ANDREA J. MOONEY, as Law Guardian, Appellant. [670 NYS2d

931] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered June 10, 1997, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Jamie EE., Charles EE. and Daryl EE. to be abused and neglected children.

Petitioner commenced the instant proceeding alleging that Jamie EE. (hereinafter the child) was abused by respondent, the then live-in boyfriend of the child's mother[1] and now the child's stepfather, pursuant to Family Court Act § 1012 (e), and that the child's brothers, Charles EE. and Daryl EE., were derivatively neglected by respondent pursuant to Family Court Act § 1012 (f) (i). A fact-finding hearing was held at which the child's foster mother, a social worker at the child's school, and the investigating senior case worker in petitioner's child protective unit, each testified to statements by the child that respondent had, *inter alia*, touched her on her breasts, on her "butt" and in the area between her legs. Also received in evidence was a letter written by the child to her biological father describing that she had been sexually abused by respondent. At the end of petitioner's case, respondent moved to dismiss the case against him for failure by petitioner to corroborate the out-of-court statements of the child. Both petitioner and the Law Guardian opposed the motion, the court reserved decision and, thereafter, the Law Guardian requested that Family Court hold an in camera interview with the child, who at that time was three weeks short of her eleventh birthday. Family Court granted respondent's motion to dismiss and denied the Law Guardian's application stating, in relevant part: "The out of court statements by the child are uncorroborated * * * Mere repetition is insufficient. * * * An *in-camera* interview by the court after the close of Petitioner's case would be inappropriate and could not provide the necessary corroboration." Petitioner and the Law Guardian now appeal.[2]

In our view, Family Court erred in its conclusion that an in camera interview by the court is inappropriate after petitioner had rested its case and that the testimony adduced at the requested in camera interview could not provide the necessary corroboration to support a finding of abuse or neglect. It is well settled that the unsworn out-of-court statements of a child

---

**1.** At the same time, petitioner commenced a case against the child's mother, which petition Family Court dismissed.

**2.** Pursuant to Family Court Act § 1114 (b), this Court granted petitioner's application, supported by the Law Guardian, for a stay of the return of the child to respondent pending appeal.

regarding alleged abuse are admissible at a fact-finding hearing and, if properly corroborated by any other evidence tending to support their reliability, will sustain a fact-finding of abuse or neglect (*see, Matter of Katje YY.*, 233 AD2d 695; *Matter of Christopher N.*, 221 AD2d 871, 873; *see also*, Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118). Moreover, the in camera testimony of a child who is the subject of an abuse proceeding may provide the requisite corroboration of the child's previous out-of-court statements (*see, Matter of Victoria KK.*, 233 AD2d 801; *Matter of Kathleen OO.*, 232 AD2d 784, 785; *Matter of Christopher N.*, *supra*, at 873-874; *see also, Matter of Christina F.*, 74 NY2d 532).

In *Matter of Jessica G.* (200 AD2d 906), this Court held that although "[t]he bulk of the evidence took the form of testimony as to [the child's] prior out-of-court statements to the social workers involved in the investigation * * * this hearsay evidence was properly corroborated by [the child's] in camera testimony * * * which was consistent in all material respects with her prior statements" (*id.*, at 906 [citations omitted]). There, as herein, the subject child's social workers and foster mother each testified that the subject child had told them of several incidents of abuse by respondent (*id.*, at 907). "Corroboration of a child's out-of-court statements is required because they are hearsay, not because of any perception of inherent unreliability in such statements" (*Matter of Katje YY.*, *supra*, at 695). A child's detailed and consistent in camera interview coupled with the totality of the testimony of other witnesses and other evidence presented by petitioner may sufficiently corroborate the out-of-court statements of a child (*see, Matter of Victoria KK.*, *supra*, at 803; *Matter of Jessica G.*, *supra*, at 907).

In light of the testimony presented in this case and the contents of the child's letter to her father, the in camera testimony of the child could have provided the requisite corroboration. Accordingly, we conclude that before Family Court decided respondent's motion to dismiss, the court should have allowed the Law Guardian, as the attorney for the child, to present evidence, including the in camera testimony of the child. Without deciding where in the course of a fact-finding hearing or trial a Law Guardian should be given the opportunity to present evidence, it is clear that before any motion is decided which will impact on the welfare of the child, the Law Guardian must be given an opportunity to be heard and where appropriate, as here, to present proof (*see, Matter of Department of Social Servs. [Pearl P.]*, NYLJ, Feb. 18, 1994, at

36, col 3). The Law Guardian's efforts in taking an active role as attorney for the child were most appropriate (*compare*, *Matter of Jamie TT.*, 191 AD2d 132, 137-138). We therefore conclude that this matter must be remitted to Family Court to conduct an in camera interview with the child, as requested by the Law Guardian, and for the receipt of any additional relevant evidence from the Law Guardian.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.