■ In the Matter of MELISSA L., a Child Alleged to be Abused and/or Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN O., Appellant. (And Two Other Related Proceedings.) [714 NYS2d 154] —Mugglin, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered September 16, 1999, which granted petitioner's applications, in three proceedings pursuant to Family Court Act article 10, to adjudicate Melissa L., John M. and Brandi N. to be abused and/or neglected children.

In April, 1999, petitioner filed petitions seeking to have the three children of Dawn G. (hereinafter the mother), Melissa L., born in 1985, John M., born in 1987, and Brandi N., born in 1989, declared to be either abused and/or neglected children. For approximately five years, the mother and three children resided with respondent, who is unrelated to either the mother or the children. Petitioner alleges that respondent abused Melissa by committing three acts of sexual intercourse in 1994 and 1995. The petitions with respect to John and Brandi allege that they were abused by implication or, alternatively, neglected children. Following a fact-finding hearing, Family Court determined Melissa to be an abused child and John and Brandi to be neglected children. This appeal ensued following the entry of the order of disposition which is not in issue.

We affirm. We reject respondent's contention that the evidence presented at the fact-finding hearing was insufficient to establish that Melissa was an abused child. Specifically, respondent contends that Family Court erroneously determined the issue of the credibility of petitioner's witnesses and afforded too much weight to their testimony. It is well established that Family Court's findings of abuse and neglect must be up-

held if established by a preponderance of the evidence (*see, Matter of Philip M.*, 82 NY2d 238, 243). Here, petitioner presented direct evidence through the testimony of Melissa of three separate acts of intercourse perpetrated upon her by respondent. Additional proof consisted of Melissa's out-of-court statement detailing the three instances of sexual abuse, expert medical testimony from a nurse-practitioner that her physical findings were consistent with vaginal penetration and the testimony of a former employee of petitioner who indicated that the victim had given consistent statements regarding the alleged abuse. This evidence, together with the inferences permitted to be drawn by Family Court from the failure of respondent to testify on his own behalf or offer any evidence in defense (*see, Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J.*, 87 NY2d 73, 79), establishes proof of abuse by a preponderance of the evidence. Since Family Court hears and observes the witnesses, its determinations with respect to credibility and the weight to be given to testimony is accorded considerable deference and will be sustained, where, as here, the record supports the court's determinations (*see, Matter of Forsyth v White*, 266 AD2d 743; *Matter of Nathaniel TT.*, 265 AD2d 611, 614, *lv denied* 94 NY2d 757).

Next, we reject respondent's assertion that the evidence presented does not properly support Family Court's finding of derivative neglect as to John and Brandi, because the alleged abuse ceased after three acts of sexual intercourse, and none of the acts were either accompanied by physical violence or perpetrated in the presence of the other children. A finding of derivative neglect may be made where respondent's conduct demonstrates such a flawed understanding of parental duty to protect children from harm so as to create a substantial risk of harm for any child in his or her care (*see, Matter of Heather J.*, 244 AD2d 762, 764; *Matter of Angelina AA.*, 211 AD2d 951, 952-953, *lv denied* 85 NY2d 808). While, a finding of sexual abuse of one child, standing alone, does not, ipso facto, establish a prima facie case of derivative neglect as to another child (*see, Matter of Angelina AA., supra*, at 952-953; *Matter of Amanda LL.*, 195 AD2d 708, 709), here, the record supports the conclusion that respondent's understanding of the duties associated with caring for children was fundamentally flawed. The evidence indicates on one occasion when respondent was abusing Melissa, the other children knocked on the bedroom door and respondent directed them to go away. On another occasion, respondent sexually abused Melissa while the rest of the family was outside the residence having a cookout. The repeated sexual abuse of Melissa evinces a total lack of ability

to understand, appreciate and fulfill the required parental responsibility of protecting a child from harm, which creates a substantial risk of harm to any child in respondent's care (*see*, *Matter of Heather J.*, *supra*, at 764).

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.