■ In the Matter of ZACHARY Y. and Another, Children Alleged to be Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; RANDY AA., Appellant. [731 NYS2d 514]
—Peters, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered October 26, 1999, which, *inter alia*, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated Zachary Y. to be an abused child.

In November 1998, petitioner sought an order adjudicating Zachary Y. (born in 1994) and his half-sister, Marissa Z. (born in 1998), to be abused children (*see*, Family Ct Act § 1031). The petition alleged that respondent, Marissa's biological father and the paramour of the children's mother, sexually abused Zachary. At a hearing held in July 1999, addressing both this petition and the mother's custody petition seeking sole legal and physical custody of Marissa, Zachary's biological father testified that Zachary disclosed that respondent puts "[h]is pee-pee * * * in my mouth."

Petitioner's child protective services investigator, Stephanie Usack, conducted an interview of Zachary in the presence of William Mayhew, an investigator for the State Police. Usack's testimony detailed that Zachary disclosed that respondent came into his bedroom at night while he was in bed, pulled down his own pants, had Zachary pull down his pants, and then put his penis in Zachary's mouth, indicating the gesture nonverbally. Upon their second interview with Zachary, the child made the same disclosure and nonverbally described respondent's penis, adding that "pee-pee" came out of respondent's penis which prompted him to leave, go to the bathroom and get a towel to wipe himself off. Usack described the child as becoming very agitated and afraid after the second disclosure, later advising that respondent never did anything to him. Usack concluded by stating that on her third interview after the filing of the petition, Zachary freely took her into his bedroom and talked about respondent touching his penis.

The mother testified that she and Zachary began residing with respondent in 1996 and that Zachary was almost completely toilet trained by September 1997, having occasional accidents at night. In the summer of 1998, Zachary began urinating and defecating in his pants, rubbing feces on his genitals and rubbing himself against the carpet. She also testified that she observed the child of her downstairs neighbor expose herself to Zachary and witnessed Zachary place the mouth of a plastic toy animal over his penis and attempt to stick his penis in the mouth of his six-month-old sister. Prior to the hotline call, Zachary had spontaneously disclosed to his mother that another child had sucked his "pee-pee." Upon learning of Za-

chary's disclosure concerning respondent's conduct, his mother removed respondent from the home and soon noticed an improvement in the child's behavior.

Zachary's aunt also testified that, in August 1998, a playmate of Zachary had informed her that Zachary had asked her to suck on his penis. She also confirmed the consistency in Zachary's statements and his identification of respondent as the perpetrator; Zachary motioned respondent's behavior by sticking his finger in and out of his mouth, contending that respondent sometimes chokes him.

Child psychologist Stephanie Sloan, who, *inter alia*, interviewed the child on three separate occasions, opined that Zachary's disclosures and behaviors were consistent with a child who had been sexually abused. At trial, she detailed the factors that she considered in making this assessment, which included separation anxiety, frequent touching of genitals, highly sexualized play, fecal smearing, urinating or defecating while clothed, bed wetting and nightmares. Respondent testified on his own behalf, denied the allegations and propounded the testimony of witnesses, including Tompkins County Mental Health Clinic Supervisor Linda Riley. She opined that her evaluation did not yield a finding sufficient to label respondent a sex offender.

Family Court determined that respondent had abused Zachary but that insufficient evident existed to make a finding of derivative abuse against Marissa. At the conclusion of a dispositional hearing, respondent was placed under the supervision of petitioner for 12 months and was prohibited from, *inter alia*, contact with Zachary until his 18th birthday.* Respondent appeals, raising the sole issue of whether Zachary's out-of-court statements were sufficiently corroborated to permit a finding of abuse.

Pursuant to Family Court Act § 1046 (a) (vi), a child's out-of-court statements relating to sexual abuse will support a finding of abuse to satisfy the preponderance of evidence standard if they are sufficiently corroborated (*see, Matter of Kelly F.*, 206 AD2d 227, 228). By statutory definition, "[a]ny other evidence tending to support the reliability of th[ose] * * * statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; *see, Matter of Nicole V.*, 71 NY2d 112, 116 n 1, 118; *Matter of Kaitlyn R.*, 267 AD2d 894, 896; *Matter of Randy*

---

* Sole legal and physical custody of Marissa was granted to the mother, and respondent was permitted only limited written contact with the child until further contact was recommended by the treatment program that he was mandated to attend pursuant to this proceeding.

*A.*, 248 AD2d 838, 839). Recognizing that an expert providing corroborative testimony need not be a duly qualified validator (*see, Matter of Randy A.*, *supra*, at 839), we find that Sloan's testimony, which included a description of her observations of the child and the methodology she employed to make her assessment, served to corroborate Zachary's statements (*see, id.*, at 839; *Matter of Katje YY.*, 233 AD2d 695, 696). With this testimony buttressed by that of Zachary's relatives (*see, Matter of Jessica DD.*, 234 AD2d 785, 786, *lv denied* 89 NY2d 812; *Matter of Daniel R. v Noel R.*, 195 AD2d 704, 707), we agree that there was sufficient corroboration to support Family Court's finding of abuse. Respondent's denial of these allegations, along with other contrary evidence, merely presented a credibility issue for Family Court to resolve (*see, Matter of Nichole L.*, 213 AD2d 750, 752, *lv denied* 86 NY2d 701). Finding an insufficient basis upon which to disturb that determination (*see, Matter of Kaitlyn R.*, *supra*, at 897), we affirm.

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

