■ In the Matter of JOSHUA QQ. and Another, Children Alleged to be Abused and/or Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HAROLD QQ., Appellant. [736 NYS2d 515] —Mercure, J.P. Appeals (1) from an order of the Family Court of Chemung County (Buckley, J.), entered December 12, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected, and (2) from an order of said court, entered January 26, 2001, which, inter alia, set the terms and conditions of visitation.

Respondent is the adoptive parent and biological grandparent of a boy, Joshua QQ. (born in 1992), and a girl, Tia QQ. (born in 1994) (hereinafter collectively referred to as the children). On appeal, respondent challenges the legal sufficiency of the evidence adduced at a fact-finding hearing to support Family Court's findings that (1) the children were abused by respondent's conduct in subjecting Tia, who was less than 11 years old, to sexual contact by placing his fingers in her vagina for the purpose of gratifying his own sexual desire, acts constituting the crime of sexual abuse in the first degree, and (2) respondent neglected the children by using excessive corporal punishment. Because we conclude that Family Court's findings of abuse and neglect are supported by legally sufficient evidence in the record, we affirm.

Initially, we are unpersuaded by the claim that the record

evidence was legally insufficient to establish respondent's sexual abuse of Tia. In a visit on the weekend of January 21, 2000, Tia first disclosed to her biological mother and another woman that respondent had sexually abused her on more than one occasion. After the incident was reported through the child abuse hotline, Tia participated in three separate interviews with caseworker Leslie Strykowski. In those interviews, Tia provided accounts of the incidents of sexual abuse that were not only consistent with one another but also with statements Tia made to her biological mother and to her foster mother. Tia also impressed Strykowski with her ability to distinguish the difference between the truth and a lie and demonstrated age-inappropriate sexual knowledge that was unexplained by anything in the record other than her own personal experience. Finally, after he was taken into custody, respondent gave the police a sworn written statement acknowledging that he had on two different occasions touched Tia "on her vagina" and that doing so excited him sexually.

In this proceeding pursuant to Family Court Act article 10, petitioner bore the burden of proving by a preponderance of the evidence that respondent abused and neglected the children (see, Family Ct Act § 1046 [b] [i]). Although a child's un-corroborated statement is insufficient to support a factual finding of abuse or neglect, such a statement may be corroborated by any evidence tending to support its reliability (see, Family Ct Act § 1046 [a] [vi]), and a relatively low degree of corroborative evidence is sufficient in abuse proceedings (see, *Matter of Karen BB.*, 216 AD2d 754, 756). Evidence presented in this case, including the consistency of Tia's statements (see, *Matter of Brandon UU.*, 193 AD2d 835, 837), her age-inappropriate knowledge of sexual activity and anatomy (see, *Matter of Nicole V.*, 71 NY2d 112, 121; *Matter of Lisa Z.*, 267 AD2d 800, 803; *Matter of Jessica G.*, 200 AD2d 906, 907) and respondent's sworn confession (see, *Matter of Nicole V., supra* at 119), was more than sufficient to corroborate Tia's out-of-court statements. Respondent's present attacks, including his speculation concerning Tia's motivation for lying, her biological mother's efforts to coach her, and his renunciation of his own written confession as the product of police coercion, do not go to the legal sufficiency of the evidence but, rather, challenge Family Court's credibility determinations, which have a sound and substantial basis in the record and will not be disturbed (see, *Matter of Nichole L.*, 213 AD2d 750, 751-752, *lv denied* 86 NY2d 701; *Matter of Daniel R. v Noel R.*, 195 AD2d 704, 706).

Turning briefly to the finding of neglect, although we agree

with respondent that, absent any evidence of actual or threatened physical or emotional harm to the children, the evidence of excessive corporal punishment was insufficient to support a finding of neglect (*see, Matter of Jessica G., supra* at 907; *Matter of William EE.*, 157 AD2d 974, 976), respondent's sexual abuse of Tia, which was perpetrated in the presence of Joshua, furnishes ample support for the finding of neglect as to both Tia and Joshua (*see, Matter of Jessica G., supra* at 907).

Respondent's remaining contentions have been considered and found to be unavailing.

Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.