■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of DARNELL N. and Another, Children Alleged to be Neglected, Respondent. SIMONA W. et al., Respondents; LENORE GITTIS, Appellant. [600 NYS2d 134] —In consolidated proceedings pursuant to Family Court Act article 10, the Law Guardian appeals from an order of the Family Court, Kings County (Burstein, J.), entered March 6, 1992, which, after a fact-finding hearing, dismissed neglect petitions brought on behalf of Darnell N. and Michelle N.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof which dismissed the petition asserted on behalf of Darnell N., and substituting therefor a provision finding the respondents Simona W. and Raymond I. guilty of neglect of Darnell N.; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

After a fact-finding hearing on a petition alleging that

Darnell N. was a neglected child, the Family Court rendered an oral decision dismissing the petition. The petition had been based in large part upon the boy's allegation that his mother's paramour had beaten him with a bicycle chain while he was sleeping. The court acknowledged that there were marks on the boy's back, but it did not find the boy's story plausible, and, thus, dismissed the petition.

Although we are mindful of the fact that considerable deference must be given to the trial court in its appraisal of the credibility of witnesses (see, Matter of James P., 150 AD2d 240, 242; Matter of Irene O., 38 NY2d 776, 777), we find that the Family Court improperly speculated that the bicycle chain beating did not occur. Indeed, there was ample proof that the mother's paramour had beaten the boy with the chain. The boy testified that the incident occurred, he had marks on his back, and the caseworker testified that the paramour admitted to her that the incident took place and showed her the bicycle chain. A finding of neglect need only be supported by a preponderance of the evidence (see, Family Ct Act § 1046; Matter of Nicole V., 71 NY2d 112, 117).

Additionally, we note that although the court dismissed the neglect petition for a failure of proof, it stated in its decision that it did not believe that the boy should live with his mother and her paramour, and concluded that the family situation was "hopeless". This basic inconsistency in the court's determination suggests that the court believed that the child was, indeed, a neglected child (cf., Matter of Rasha B., 139 AD2d 962). Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.