■ In the Matter of VINCENT I. and Others, Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD I., Appellant. [613 NYS2d 488] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered June 18, 1992, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child and stepchildren to be abused and neglected.

Petitioner commenced this proceeding in May 1991 alleging that respondent sexually abused his son, Vincent (born in March 1988), and abused and neglected his spouse's children, Benjamin (born in June 1979) and Bradford (born in December

1980). A fact-finding hearing was conducted in October 1991 and February 1992, at the conclusion of which Family Court found that respondent had sexually abused Vincent *(see,* Family Ct Act § 1012 [e] [iii]). Following a dispositional hearing Family Court, *inter alia,* placed respondent under petitioner's supervision and ordered that respondent undergo a mental health evaluation and abide by any recommendation for counseling. This appeal by respondent followed.

We affirm. Initially, we reject respondent's assertion that Family Court's findings as to abuse and neglect are not supported by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b] [i]). Although much of the evidence concerning the allegations of sexual abuse consisted of Vincent's out-of-court statements which, standing alone, are insufficient to support a finding of abuse, Family Court Act § 1046 (a) (vi) broadly provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration". To that end, "Family Court has considerable discretion in the first instance to determine if the child's statements have been reliably corroborated, and whether the record as a whole supports a finding of abuse" *(Matter of Department of Social Servs. [R. Children] v Waleska M.,* 195 AD2d 507, 509-510, *lv denied* 82 NY2d 660). Notably, validation testimony from an expert investigating the allegations of sexual abuse is sufficient to corroborate an abused child's statements *(see, e.g., Matter of Nicole V.,* 71 NY2d 112, 120-122; *Matter of Esther CC. [Joseph CC.],* 194 AD2d 949, 951; *Matter of Brandon UU. [Brynn UU.],* 193 AD2d 835, 836).

In our view, Vincent's detailed and consistent out-of-court statements regarding respondent's sexual abuse were sufficiently corroborated by the validation testimony offered by petitioner's expert, Carol George, who testified that Vincent's actions and behaviors were consistent with child sexual abuse syndrome and opined that Vincent indeed was a sexually abused child. Although respondent contends that Vincent's statements demonstrate that he was "coached", both George and petitioner's child protective worker, Paula Herman, testified that they specifically explored this possibility and that based upon Vincent's statements and his response to and use of anatomically correct dolls and drawings, it was their opinion that the allegations of sexual abuse had not been "planted" in Vincent's mind *(cf., Matter of Brandon UU. [Brynn UU.], supra,* at 837). Additionally, George testified that in reaching her determination, she took into consideration the fact that respondent and his spouse were separated and con-

cluded that this was not related to the allegations of sexual abuse. To the extent that respondent denied the allegations set forth in the petition, this merely presented a credibility issue for Family Court to resolve, and we see no basis in the record to disturb Family Court's determination in this regard *(see generally, Matter of Esther CC. [Joseph CC.], supra,* at 951).* Respondent's remaining arguments have been examined and found to be lacking in merit.

Mercure, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.