■ In the Matter of ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHARITY G. and Another, Appel-

lant, v JOHN G. et al., Respondents. [618 NYS2d 385] —In a consolidated child protective proceeding pursuant to Family Court Act article 10, (1) the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Orange County (Slobod, J.), entered November 10, 1992, as after a fact-finding hearing, dismissed the petition insofar as it is asserted against the respondents John G. and Ann G., and (2) the Law Guardian also appeals from so much of the same order as dismissed the petition insofar as it is asserted against the respondents John G. and Ann G.

Ordered that the appeal of the Law Guardian is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On appeal, the petitioner contends that the Family Court erred in dismissing the petition against the children's grandparents because the children consistently stated that their grandparents had sexually abused them. We disagree. It is well settled that the Family Court's appraisal of the credibility of witnesses is entitled to considerable deference on appeal (see, Matter of Commissioner of Social Servs. of City of N. Y. [Darnell N.], 195 AD2d 459; Matter of Esther CC. [Joseph CC.], 194 AD2d 949). While the petitioner presented strong evidence that the older child, Charity, had been sexually abused, the court's finding that there was insufficient proof that the grandparents had abused her is supported by the record. Significantly, we note that Charity initially stated that her paternal uncle had abused her, but subsequently claimed that both she and her younger brother had been abused by their paternal grandparents. Charity's out-of-court statements to her father's girlfriend, the petitioner's caseworker, and the certified social worker who conducted the validation assessment contain inconsistencies regarding the identity of the individual or individuals who committed the abuse. Moreover, during the course of the fact-finding hearing, Charity alleged that her father had abused her. The younger child, Kerry, stated only that his uncle had abused him. Under these circumstances, we decline to disturb the Family Court's dismissal of the petition. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.