■ In the Matter of BARBARA BENEROFE, Respondent, v ROBERT WECHSLER, Appellant. [721 NYS2d 783] —In a support proceeding pursuant to Family Court Act article 4, Robert Wechsler appeals from (1) so much of an order of the Family Court, Westchester County (Tolbert, J.), dated February 25, 1999, as denied his motion to dismiss the proceeding and granted the petitioner's objections to a previous order of the same court (Mrsich, H.E.), dated September 28, 1998, which dismissed her petition to enforce stated portions of the parties' judgment of divorce, (2) an order of the same court (Furman, H.E.), dated May 27, 1999, which, upon the stipulation of the parties, *inter alia*, set the amount of arrears due and owing to the petitioner, and (3) an order of the same court (Tolbert, J.), dated December 8, 1999, which denied the appellant's objections to the order dated May 27, 1999.

Ordered that the appeals from the orders dated February 25, 1999, and May 27, 1999, are dismissed; and it is further,

Ordered that the order dated December 8, 1999, is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appellant previously appealed from the order dated February 25, 1999 (App Div docket No. 1999-02910), but that appeal was dismissed on December 14, 1999, for lack of prosecution (*see,* 22 NYCRR 670.8 [h]). Since a dismissal for want of prosecution constitutes an adjudication on the merits with respect to all issues which could have been raised therein, the appellant is precluded from obtaining appellate review of those issues at this time (*see, Bray v Cox,* 38 NY2d 350; *Brown v United Christian Evangelistic Assn.,* 270 AD2d 378). Accordingly, the appeal from the order dated February 25, 1999, must be dismissed.

The appeal from the order dated May 27, 1999, also must be dismissed, as no appeal lies from an order entered on the consent of the appealing party (*see, Matter of Starz v Tissiera,* 206 AD2d 432).

With respect to the order dated December 8, 1999, the Family Court properly denied the appellant's objections to the order dated May 27, 1999. There was no basis upon which the appellant could file objections to that order since it was entered upon the consent of the parties (*see, Matter of Starz v Tissiera, supra*). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.