■ In the Matter of EDITH COOPER, Respondent, v ADMINIS-TRATION FOR CHILDREN'S SERVICES et al., Respondents, and ANDREW WEINER, Appellant. [740 NYS2d 231] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Seiden, R.), dated April 13, 2000, as, upon his consent, granted custody of the subject child to the maternal grandmother.

Ordered that the appeal is dismissed, without costs or disbursements.

During the custody hearing, the father consented to the maternal grandmother's petition for sole custody. No appeal lies from an order entered upon consent of the appealing party, since a party who consents to an order is not aggrieved thereby (*see* CPLR 5511; *Matter of Garcia v Carballo,* 277 AD2d 453; *Matter of Chiakpo v Obi,* 255 AD2d 579; *Matter of Charles v Lewis,* 224 AD2d 687; *Katz v Katz,* 68 AD2d 536). Prudenti, P.J., Feuerstein, Friedmann and H. Miller, JJ., concur.

■ In the Matter of MARVIN CROSBY, Petitioner, v GUY MAN-GANO, JR., as Justice of the Supreme Court of the State of New York, et al., Respondents. [740 NYS2d 234] —Proceeding pursu-ant to CPLR article 78 in the nature of prohibition, inter alia, to stay all proceedings in an action entitled *People v Crosby,* pending in the Supreme Court, Kings County, under Indict-ment No. 5287/2001, and application for poor person relief.

Application by the respondent Charles J. Hynes to dismiss the proceeding.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8002 (b) is waived and the application is otherwise denied as academic; and it is further,

Ordered that the application to dismiss the proceeding is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see Matter of Rush v Mordue,* 68 NY2d 348, 352). The petitioner failed to demonstrate a clear legal right to the relief sought. Ritter, J.P., Smith, Friedmann and Cozier, JJ., concur.