■ In the Matter of KAYLA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARCIA M., Appellant. (Proceeding No. 1.) In the Matter of COREY R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARCIA M., Appellant. (Proceeding No. 2.) In the Matter of GARY P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARCIA M., Appellant. (Proceeding No. 3.) In the Matter of SYLCHA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARCIA M., Appellant. (Proceeding No. 4.) In the Matter of BABY BOY M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARCIA M., Appellant. (Proceeding No. 5.) [744 NYS2d 696] —In five related child protective proceedings pursuant to Family Court Act Article 10, the mother appeals from (1) four fact-finding orders of the Family Court, Queens County (Bogacz, J.), all dated January 10, 2001 (one each as to Kayla M., Corey R., Gary P., and Sylcha M.), which, after a

hearing, determined that she neglected the child Gary P. and made a finding of derivative neglect as to the other children, and (2) five dispositional orders of the same court, all dated May 1, 2001 (one as to each child), which, on consent, placed the children Gary P. and Sylcha M. with the petitioner and placed the remaining children in the custody of the mother under the petitioner's supervision. The appeal from the dispositional order in Proceeding No. 5 brings up for review a fact-finding order of the same court, dated November 3, 1999.

Ordered that the appeals from the fact-finding orders are dismissed, without costs or disbursements, as those orders were superseded by the dispositional orders; and it is further,

Ordered that the appeals from so much of the dispositional orders as placed the children Gary P. and Sylcha M. with the petitioner and placed the remaining children in the custody of the mother under the petitioner's supervision are dismissed, without costs or disbursements; and it is further,

Ordered that the dispositional orders are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the dispositional orders as placed the children Gary P. and Sylcha M. with the petitioners and placed the remaining children in the custody of the mother under the petitioner's supervision must be dismissed, as those portions of the orders were entered on the mother's consent and no appeal lies from an order entered on the consent of the appealing party (*see Matter of Bryan S.,* 286 AD2d 685, *lv denied* 97 NY2d 609; *Matter of Benerofe v Wechsler,* 281 AD2d 476).

The Family Court's finding of neglect was supported by a preponderance of the admissible evidence presented at the hearing (*see* Family Ct Act § 1046 [b] [i]; *Matter of Bryan S., supra*). Furthermore, the evidence also supports a finding of derivative neglect with respect to the mother's other children (*see Matter of Cybill V.,* 279 AD2d 582).

The mother's remaining contentions are without merit. O'Brien, J.P., Krausman, Schmidt and Cozier, JJ., concur.