■ In the Matter of CASSANDRA C., a Child Alleged to be Abused. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ADAM R., Appellant. (Proceeding No. 1.) In the Matter of ELIJAH R., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ADAM R., Appellant. (Proceeding No. 2.) [750 NYS2d 322] —In two related child protective proceedings pursuant to Family Court Act article 10, the appeal, as limited by the brief, is from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (McElligott, J.), entered December 5,

2001, as, after a fact-finding hearing, found that Adam R. sexually abused the child Cassandra C. and transmitted a nude photograph of her over the Internet, and derivatively neglected the child Elijah R.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The finding by the Family Court that the appellant sexually abused the child Cassandra C. is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112). The child's out-of-court statements to the police, her therapist, and a Department of Social Services caseworker concerning her identification of the appellant as her abuser and the acts committed by him were sufficiently corroborated. The therapist testified that the child's disclosures and behaviors were consistent with a child who had been sexually abused, and described her observations of the child and the methodology she employed to make her assessment (*see Matter of Jaclyn P.,* 86 NY2d 875; *Matter of Zachary Y.,* 287 AD2d 811; *Matter of Jessica N.,* 234 AD2d 970; *Matter of Laura C.,* 232 AD2d 635). Additionally, the appellant failed to come forward with satisfactory evidence to rebut the petitioner's case (*see Matter of Laura C., supra*). Therefore, where, as here, the Family Court was confronted primarily with issues of credibility, its factual findings must be accorded great weight (*see Matter of Commissioner of Social Servs. [Monique W.] v Kim G.,* 240 AD2d 664). On this record, we find no basis to disturb the Family Court's findings.

The child who is the subject of the derivative neglect proceeding was born approximately four months after the latest incident which resulted in a finding that the appellant had abused the child Cassandra C. "Since the [appellant] failed to present any evidence to either rebut the petitioner's prima facie case or establish that the condition leading to that neglect finding as to the other child no longer existed," the derivative neglect finding was proper (*Matter of Baby Boy W.,* 283 AD2d 584, 585; *see* Family Ct Act § 1046 [a] [i]).

The appellant's remaining contention is without merit. Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.