■ In the Matter of EVAN Y., a Child Alleged to be Abused. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL Y., Appellant. [761 NYS2d 720] —Lahtinen, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered December 14, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be abused.

Respondent is the father of a son born in 1994. An investigation following a hotline report revealed that the child made statements on several occasions to various people indicating that respondent had repeatedly fondled him. Moreover, the child had exhibited troubling conduct including, among other things, sexually acting out with other children, placing his hand in a young girl's underwear, describing sex-related nightmares, bed-wetting and revealing suicidal tendencies. Petitioner commenced this child abuse proceeding against respondent, who had previously been adjudicated to have neglected the child. Witnesses at the ensuing fact-finding hearing included Mary Bado, a clinical social worker at the Tioga County Department of Mental Hygiene who was the child's therapist, and Sarah Walsh, a senior clinical social worker with the Family and Children's Society who had conducted a sex abuse validation regarding the child. Respondent neither testified nor presented any evidence at the hearing. Family Court found the child to be abused and ordered that he be placed in the custody of petitioner for 12 months. Respondent appeals.

We find no merit in respondent's argument that the finding of sexual abuse is not supported by the evidence. Initially, we note that, since respondent elected not to testify, Family Court was permitted "to draw the strongest inference against him as the opposing evidence would allow" (*Matter of Jared XX.*, 276 AD2d 980, 983 [2000]; *see Matter of Arielle LL.*, 294 AD2d 676, 677 [2002], *appeal dismissed* 99 NY2d 532 [2002]). While only out-of-court statements of the child were received regarding his description of respondent's conduct, such statements are admissible at a fact-finding hearing involving abuse or neglect and, if corroborated, can support a finding that such conduct occurred (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Tanya T.*, 252 AD2d 677, 678 [1998], *lv denied* 92 NY2d 812 [1998]). Validation testimony from an expert is one of the many acceptable forms of corroborative evidence (*see Matter of Vincent I.*, 205 AD2d 878, 879 [1994]). Here, respondent did not object when Walsh was offered as an expert and Walsh testified regarding numer-

ous behaviors by the child that she opined were consistent with sexual abuse. Moreover, Bado was permitted, without objection, to testify as an expert and she related in detail her observations of the child's conduct, together with her opinion that he exhibited behavior typical of a child who has been sexually abused (*see Matter of Zachary Y.*, 287 AD2d 811, 814 [2001]; *see also Matter of Cassandra C.*, 300 AD2d 303, 304 [2002]). Family Court credited "in its entirety" the testimony of Walsh and Bado and we find no reason in this record not to accept Family Court's assessment of these witnesses (*see Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]; *Matter of Kaitlyn R.*, 267 AD2d 894, 896-897 [1999]). The testimony of Walsh and Bado clearly provided ample corroborative evidence of the out-of-court statements of the child to support the finding of abuse.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.