■ In the Matter of KRYSTAL M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SER-

VICES, Respondent; RICHARD C., Appellant. (Proceeding No. 1.) In the Matter of RICHARD C. and Others. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD C., Appellant. (Proceeding No. 2.) [769 NYS2d 757]—In two related child protective proceedings pursuant to Family Court Act article 10, Richard C. appeals from (1) a fact-finding order of the Family Court, Suffolk County (Simeone, J.), entered October 15, 2001, which, after a fact-finding hearing, determined that Krystal M. was an abused child and that her two siblings were derivatively neglected children, and (2) a dispositional order of the same court, entered November 27, 2001, which, after a hearing, upon the fact-finding order, inter alia, placed Krystal M. and her two siblings in the custody of the mother.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order; and it is further,

Ordered that the dispositional order is affirmed, without costs or disbursements.

The Family Court's determination was supported by a preponderance of the admissible evidence presented at the fact-finding hearing (*see* Family Ct Act § 1046 [b] [i]). Where as here, the Family Court was confronted primarily with issues of credibility, its factual findings are entitled to considerable deference on appeal unless clearly unsupported by the record (*see Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. [Marcel A.]*, 254 AD2d 416 [1998]; *Matter of Orange County Dept. of Social Servs. [Charity G.] v John G.*, 208 AD2d 844 [1994]). Under the circumstances presented here, we find no basis to disturb the Family Court's determination that Krystal M. was an abused child, or that her two siblings were derivatively neglected children (*see Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr.*, 191 AD2d 694 [1993]; *Matter of Rasheda S.*, 183 AD2d 770 [1992]; *Matter of Lynelle W.*, 177 AD2d 1008 [1991]; *see also* Family Ct Act § 1046 [a] [i]).

Contrary to the appellant's contentions, he was afforded the effective assistance of counsel (*see Matter of Alfred C.*, 237 AD2d 517 [1997]; *Matter of Erin G.*, 139 AD2d 737, 739 [1988]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.