■ In the Matter of Samantha B. Administration for Children's Services, Respondent; Carolina B. et al., Appellants. (Proceeding No. 1.) In the Matter of Jonathan B. Administration for Children's Services, Respondent; Carolina B. et al., Appellants. (Proceeding No. 2.) In the Matter of Dominic B. Administration for Children's Services, Respondent; Carolina B. et al., Appellants. (Proceeding No. 3.) In the Matter of

RICHARD B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CAROLINA B. et al., Appellants. (Proceeding No. 4.) In the Matter of BRYAN B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CAROLINA B. et al., Appellants. (Proceeding No. 5.) [773 NYS2d 450]—

In five related child neglect proceedings pursuant to Family Court Act article 10, the mother and father separately appeal from a fact-finding order of the Family Court, Richmond County (McElrath, J.), dated August 5, 2002, which, after a hearing, found that they neglected their children.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

Contrary to the separate contentions of the mother and the father, the findings of neglect against each of them are supported by a fair preponderance of the evidence (*see* Family Ct Act § 1012). Where, as here, the Family Court was confronted primarily with issues of credibility, its factual findings are entitled to considerable deference on appeal unless clearly unsupported by the record (*see Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. [Marcel A.],* 254 AD2d 416 [1998]; *Matter of Orange County Dept. of Social Servs. [Charity G.] v John G.,* 208 AD2d 844 [1994]). Under the circumstances presented here, we find no basis to disturb the Family Court's determination that Richard B. and Bryan B. were neglected as a result of excessive discipline being inflicted upon the former by the father, and by the parents' failure to seek prompt medical attention for the latter after he fell down a flight of steps and lost consciousness. Since these incidents demonstrate a fundamental defect in the parents' understanding of the duties of parenthood, the Family Court properly determined that Samantha B., Jonathan B., and Dominic B. were derivatively-neglected children (*see Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr.,* 191 AD2d 694 [1993]). Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.