■ In the Matter of CHANTAL M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LEONEL M., Appellant. (Proceeding No. 1.) In the Matter of GLEACY M., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LEONEL M., Appellant. (Proceeding No. 2.) In the Matter of GLENDYANN M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LEONEL M., Appellant. (Proceeding No. 3.) [824 NYS2d 422]—In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Hamill, J.), dated May 6, 2005, which, upon a fact-finding order of the same court dated January 25, 2005, made after a hearing, found that he sexually abused the subject child Gleacy M. and neglected the subject children Glendyann M. and Chantal M., placed the father under the supervision of the Administration for Children's Services for a period of 12 months, and released the children to the mother's custody for a period of 12 months under the supervision of the Administration for Children's Services. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services for a period of 12 months and released the children to the mother's custody for a period of 12

months under the supervision of the Administration of Children's Services is dismissed as academic, without costs or disbursements, as those portions of the order of disposition expired by their own terms; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Based upon our review of the record and deferring to the Family Court's resolution of credibility issues (*see Matter of Sharonda S.*, 301 AD2d 532 [2003]; *Matter of Cassandra C.*, 300 AD2d 303 [2002]), we conclude that the Family Court's determination that the appellant sexually abused Gleacy is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; [a] [vi]; *Matter of Jaclyn P.*, 86 NY2d 875 [1995]; *Matter of Nicole V.*, 71 NY2d 112, 117 [1987]; *Matter of Cassandra C., supra; Matter of Katherine S.*, 271 AD2d 538 [2000]; *Matter of Vincent I.*, 205 AD2d 878, 879 [1994]). Florio, J.P., Schmidt, Santucci and Lunn, JJ., concur.