In the Matter of BEVERLY R., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EGNIO R., Appellant. (Proceeding No. 1.) In the Matter of ENNIO R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EGNIO R., Appellant. (Proceeding No. 2.) In the Matter of STARLING R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EGNIO R., Appellant. (Proceeding No. 3.) In the Matter of CHRISTY R., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EGNIO R., Appellant. (Proceeding No. 4.) [831 NYS2d 717]—

In four related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of disposition of the Family Court, Kings County (Freeman, J.), dated November 17, 2005, which, upon a fact-finding order of the same court dated October 3, 2005, made after a hearing, finding that he sexually abused his daughters Beverly R. and

Christy R., and derivatively neglected his sons Ennio R. and Starling R., inter alia, released the children, on consent, to the custody of their adult half-sister Yanelisa R., with a 12-month period of supervision by the respondent Administration for Children's Services, and denied him visitation with Beverly R. and Christy R. pending further order of the court, (2) an order of protection of the same court also dated November 17, 2005 directing him to stay away from the children's mother Martina R., and (3) an order of protection of the same court also dated November 17, 2005 directing him, among other things, to stay away from the children and Yanelisa R., except during court-ordered visitation with the children. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeals from the orders of protection are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of disposition as released the children to the custody of Yanelisa R. is dismissed, without costs or disbursements, as no appeal lies from an order entered on the consent of the appealing party; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The orders of protection expired by their own terms on November 16, 2006 and the determination of the appeals from those orders would, under the facts of this case, have no direct effect upon the parties. Accordingly, the appeals from the orders of protection must be dismissed as academic (*see Matter of Q.-L. H.,* 27 AD3d 738; *Matter of Kraus v Kraus,* 26 AD3d 494 [2006]; *Matter of Levande v Levande,* 308 AD2d 450 [2003]).

The portion of the order of disposition which released the children to the custody of their adult half-sister Yanelisa R., was entered on the consent of the parties. The appeal from that portion of the order of disposition must be dismissed, as the father is not aggrieved by a provision included in the order upon his consent (*see* CPLR 5511; *Matter of Hauser v Pruitt,* 35 AD3d 740 [2006]; *Matter of Kayla M.,* 295 AD2d 613 [2002]; *Matter of Cooper v Administration for Children's Servs.,* 293 AD2d 605 [2002]; *Matter of Fatima Mc.,* 292 AD2d 532 [2002]).

The Family Court's determinations that the father sexually abused his twin daughters (*see Matter of Chantal M.,* 34 AD3d 677 [2006]; *Matter of Jessica S.,* 18 AD3d 562 [2005]), derivatively neglected his two sons (*see Matter of Samantha B.,* 5 AD3d 590 [2004]; *Matter of Jimmy A.,* 218 AD2d 734 [1995]; *Matter of Dutchess County Dept. of Social Servs. v Douglas E.,*

191 AD2d 694 [1993]), and exposed all four children to repeated acts of domestic violence against their mother (*see Matter of Aminat O.,* 20 AD3d 480 [2005]; *Matter of Cybill V.,* 279 AD2d 582 [2001]) were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1 [1985]). The out-of-court statements of the twin daughters, who were six years old when the petitions were filed, corroborated each other (*see Matter of Nicole V.,* 71 NY2d 112, 123-124 [1987]; *Matter of Jessica S., supra; Matter of Latisha W.,* 221 AD2d 645 [1995]), and their statements were further corroborated by the testimony of their older half-sisters regarding the similar modus operandi employed by the father in sexually abusing the older half-sisters years earlier (*see* Family Ct Act § 1046 [a] [vi]). Since the Family Court's factual findings depended, in large measure, upon credibility determinations, those findings are entitled to considerable deference on appeal (*see Matter of Sheneika V.,* 20 AD3d 541 [2005]; *Matter of Aminat O., supra; Matter of Todd D.,* 9 AD3d 462, 463 [2004]; *Matter of Samantha B., supra; Matter of Bryan S.,* 286 AD2d 685 [2001]).

The father's remaining contentions are without merit. Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.