■ In the Matter of HAILEY W. and Another, Infants. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY N., Respondent; ROBERT W., Appellant. [839 NYS2d 644]—

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, J.), entered July 20, 2006 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent Robert W. neglected his children and placed him under the supervision of petitioner for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an "order of fact-finding and disposition" adjudging, inter alia, that he neglected his children pursuant to Family Court Act article 10. We reject the contention of petitioner and the Law Guardian that the father is precluded from appealing from that part of the order concerning the finding of neglect based on his stipulation to the dispositional portion of the order. The fact that the father is not aggrieved by the dispositional portion of the order does not bar his appeal from that part of the order with respect to the finding of neglect, which followed a fact-finding hearing (*see Matter of Fatima Mc.*, 292 AD2d 532, 533 [2002]; *see generally Matter of Beverly R.*, 38 AD3d 668, 669 [2007]; *Matter of Shamasia M.*, 4 AD3d 359, 361 [2004]; *Matter of Kayla M.*, 295 AD2d 613, 614 [2002]).

Nevertheless, we conclude that Family Court's finding that

the father neglected his children is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). According to the undisputed evidence presented at the fact-finding hearing, the father abused drugs in the presence of his children and was at one time hospitalized for treatment of an overdose. In addition, he made statements to a child protective services worker admitting that he used illegal drugs on a daily basis (see § 1012 [f] [i] [B]; § 1046 [a] [iii]). We reject the contention of the father that his prior participation in a drug treatment program is sufficient to bring this matter within the statutory exception for parents who are "voluntarily and regularly participating in a recognized rehabilitative program" (§ 1046 [a] [iii]). There is no evidence that the father's prior participation in the drug treatment program was voluntary (cf. Matter of Iris B., 304 AD2d 301 [2003]; see generally Matter of Amber DD., 26 AD3d 689, 690 [2006]) and, in any event, the father was not participating in a drug treatment program either at the time of the filing of the petition or at the time of the fact-finding hearing. We thus conclude that petitioner established by a preponderance of the evidence that the father neglected his children (see generally Matter of Stefanel Tyesha C., 157 AD2d 322, 325-328 [1990], appeal dismissed sub nom. Matter of Sebastian M., 76 NY2d 1006 [1990]). Present—Scudder, P.J., Gorski, Smith, Fahey and Green, JJ.