In the Matter of MARIA CABRAL, Respondent, v FRANCISCO R. CABRAL, Appellant. (Appeal No. 1.) In the Matter of MARIA TRUSA, Respondent, v FRANCISCO R. CABRAL, Appellant. (Appeal No. 2.) [878 NYS2d 389]—

In two related support proceedings pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from stated portions of an order of the Family Court, Westchester County (Edlitz, J.), dated April 26, 2007, as amended by an order of the same court dated January 29, 2008, which, inter alia, denied certain of his objections to an order of the same court (Kava, S.M.), dated January 9, 2007, after a hearing, among other things, granting that branch of the mother's petition which was for reimbursement of certain college expenses and, in effect, directed him to reimburse the mother for certain college expenses, and (2) from an order of the same court dated July 22, 2008, which denied his objections to an order of the same court (Furman, S.M.), dated March 7, 2008, which, upon the parties' consent, inter alia, adjusted the balance of the arrears in his Support Collection Unit account to reflect certain payments received by the mother.

Ordered that the order dated April 26, 2007, as amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated July 22, 2008, is affirmed, without costs or disbursements.

Contrary to the father's contention, the Support Magistrate did not improvidently exercise his discretion in denying the father's oral application at the commencement of a hearing on June 7, 2006, to adjourn the hearing in order to retain counsel. The granting of an adjournment is addressed to the sound discretion of the court (*see Matter of Sicurella v Embro*, 31 AD3d 651 [2006]). In making such a determination, the court must undertake a balanced consideration of all relevant factors (*see*

*Cabral v Cabral,* 35 AD3d 779 [2006]). Here, the father was present in court on April 11, 2006, when the hearing was scheduled and was advised at that time that he had the right to retain counsel. The father's only explanation for failing to retain counsel in the interim, that he could not do so until he had received document discovery from the mother, was properly rejected by the Support Magistrate.

The Family Court properly denied the father's objections to the order dated March 7, 2008, as that order was entered upon the consent of the parties (*see Matter of Bien-Aime-Schneider v Schneider,* 5 AD3d 763, 763-764 [2004]; *Matter of Proulx v Ardito,* 289 AD2d 581 [2001]; *Matter of Benerofe v Wechsler,* 281 AD2d 476, 477 [2001]).

The father's remaining contention is unpreserved for appellate review. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.