*166 OPINION OF THE COURT
James D. Pagones, J.
John Allen Mueller and Victoria M. Mueller have filed a petition pursuant to SCPA 1750-a to be appointed guardians of the person and property of their son, Jonathan Alan Mueller, an alleged developmentally disabled person. They request that Sara Pettit, their daughter and the respondent’s sibling, be appointed standby guardian. The petitioners are self-represented.
The petitioners appeared before the undersigned on June 4, 2009. They indicated that the primary reasons for proceeding in Surrogate’s Court are to save on attorney fees and Mental Hygiene Law article 81 court examiner fees, as both have reduced their son’s funds over the past decade.
The petition discloses that the estimated value of respondent’s personal property is $107,560. Of that amount, $107,060 is deposited in a special needs trust with Ameriprise Financial Services, Inc., Poughkeepsie, New York. The respondent receives approximately $8,688 annually from Social Security. He owns no real estate.
On June 22, 1999, the undersigned executed an order and judgment appointing John Allen Mueller guardian for the personal needs and property management of Jonathan Alan Mueller pursuant to Mental Hygiene Law article 81. The order and judgment contained a sunset provision indicating the term of guardianship would expire on May 20, 2004 unless the guardian moved for an extension.
On March 28, 2007, the undersigned executed an order and judgment nunc pro tunc to May 20, 2004 reappointing John Allen Mueller as guardian. That order is scheduled to expire on June 17, 2009.
The Surrogate’s Court has jurisdiction under Mental Hygiene Law article 81 to entertain an application of this type since it involves property management on behalf of the respondent. (Mental Hygiene Law § 81.04 [b].)
A determination that a person is incapacitated under Mental Hygiene Law article 81 must be based on clear and convincing evidence. (Mental Hygiene Law § 81.12 [a].) The decision to appoint a guardian of the person or property, or both, under SCPA article 17-A is based upon a less stringent standard of proof, namely, the best interests of the mentally retarded or developmentally disabled person. (SCPA 1754 [5].)
The article 17-A application is supported by the required certifications of one licensed physician and one licensed *167 psychologist. (SCPA 1750-a [1].) The guardian ad litem appointed in this proceeding has filed his report supporting the Mullers’ request. I also had the opportunity to observe Jonathan Alan Mueller in court on June 4, 2009. Petitioners have met their burden of proof.
A review of the file maintained by the Dutchess County Clerk indicates that John Allen Mueller has filed annual accountings as the article 81 guardian since his original appointment. The most recent filing occurred on May 21, 2009.
SCPA 1761 provides that the provisions of article 17 of the SCPA also apply to a developmentally disabled person. SCPA 1719 requires the guardian to file an annual account with this court in January of each year. The court rules also mandate the filing of an account. (22 NYCRR 207.11 [b].) Thus, proper oversight by the court will be maintained.
The petition filed under SCPA 1750-a is granted upon the condition that the article 81 accounting filed by John Allen Mueller on May 21, 2009 is approved by the Justice of the Supreme Court currently assigned to preside over such matter in Dutchess County (Mental Hygiene Law § 81.33). Furthermore, John Allen Mueller shall obtain an order discharging him as article 81 guardian (Mental Hygiene Law § 81.36 [a] [4]). The petitioners are directed to file their annual accountings with this court as required by SCPA 1719. The record indicates that John Allen Mueller has been a faithful steward of his son’s assets to date. Therefore, neither he nor the copetitioning wife shall be required to post a bond. (SCPA 801 [1].) Sara Pettit is approved as standby guardian upon the same condition with respect to the filing of an annual account upon assuming fiduciary status. The issue of posting a bond will be revisited at that time as well. A separate decree appointing petitioners shall abide compliance with the foregoing condition.