■ In the Matter of LINDSAY B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CARLTON B., Appellant. [916 NYS2d 778]—

In a child protective proceeding pursuant to Family Court Act article 10, Carlton B. appeals from an order of disposition of the Family Court, Queens County (Richroath, J.), entered September 18, 2009, which, upon a fact-finding order of the same court dated November 12, 2008, made after a hearing, finding that he had abused and neglected Lindsay B., directed that he be placed under the supervision of the petitioner for one year commencing September 18, 2009, and that he successfully complete a sex offender program, and directed that he have no unsupervised contact with his grandchildren, Alexis P. and Alexander S., until he successfully completed the sex offender program. The appeal from the order of disposition brings up for review the fact-finding order dated November 12, 2008.

Ordered that the appeal from so much of the order of disposi-

tion as directed the appellant to observe certain conditions for one year commencing September 18, 2009, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as directed the appellant to observe certain conditions for one year commencing September 18, 2009, has been rendered academic by the expiration of the time limits contained therein (*see Matter of Penn v Johnson*, 73 AD3d 784 [2010]; *Matter of Isaiah S.*, 63 AD3d 948, 948 [2009]; *Matter of Hunt v Hunt*, 51 AD3d 924, 925 [2008]).

Since the Family Court's factual findings were in large part based upon its credibility determinations, those findings are entitled to considerable deference on appeal (*see Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2010]; *Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]). The Family Court's determinations that the appellant neglected and sexually abused his daughter, Lindsay B., were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; Penal Law § 130.00 [3]; § 130.55; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177 [2010]; *Matter of Jonathan F.*, 72 AD3d 963, 964 [2010]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d at 841; *Matter of Beverly R.*, 38 AD3d 668, 669-670 [2007]).

The appellant's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.