In the Matter of JOSUE M., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PASCAUL A., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of RAQUEL M., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PASCAUL A., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JENNIFER A., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PASCAUL A., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of ROSSE C., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PASCAUL A., Appellant, et al., Respondent. (Proceeding No. 4.) [955 NYS2d 658]—

"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (*Matter of Kassandra V. [Sylvia L.]*, 90 AD3d 940, 941 [2011]; *see* Family Ct Act § 1046 [b] [i]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d

1026, 1027 [2011]). Contrary to the appellant's contention, the Family Court's determination that he sexually abused the child Raquel M. is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [e] [iii]; Penal Law § 130.55; *Matter of Lindsay B. [Carlton B.]*, 80 AD3d 763, 764 [2011]). The Family Court has considerable discretion in deciding whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports such a finding (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]). Here, Raquel M.'s sworn in-court testimony sufficiently corroborated her out-of-court description of the abuse (*see Matter of Christina F.*, 74 NY2d at 536-537; *Matter of Bianca M.*, 282 AD2d 536, 536 [2001]).

The appellant's remaining contention is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.