In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Beckoff, J.), dated December 6, 2011, which, upon a fact-finding order of the same court dated October 27, 2011, made after a hearing, finding that he sexually abused his daughter Skyla R. and derivatively abused his daughter Leah R., released the children to the custody of their mother. The appeal from the order of disposition brings up for review the fact-finding order.
Ordered that the order of disposition is affirmed, without costs or disbursements.
The determination by the Family Court that the father sexually abused his then six-year-old daughter, Skyla R., is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Lindsay B. [Carlton B.], 80 AD3d 763, 764 [2011]; Matter of Candace S., 38 AD3d 786, 787 [2007]; Matter of Beverly R., 38 AD3d 668, 670 [2007]). Skyla’s out-of-court statements concerning the father’s sexual abuse were sufficiently corroborated, inter alia, by the testimony of Skyla’s cousin and half-sister, who testified regarding the father’s sexual abuse of them in a similar manner many years earlier (see Family Ct Act § 1046 [a] [vi]; Matter of Michael F., 50 AD3d 796, 797 [2008]; Matter of Beverly R., 38 AD3d 668, 670 [2007]).
Further, the father’s abuse of Skyla demonstrates a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court’s finding of derivative abuse of the subject child Leah R. (see Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1013 [2012]; Matter of Grant W. [Raphael A.], 67 AD3d 922 [2009]; Matter of Rosy S., 54 AD3d 377, 378-379 [2008]).
*775 The father’s remaining contention is without merit. Mastro, J.E, Austin, Roman and Cohen, JJ., concur.