■ In the Matter of SHANNON W. PHILIP W., Appellant; Kim M., Respondent. [48 NYS3d 185]—

In a guardianship proceeding pursuant to Surrogate's Court Procedure Act article 17-A, Philip W. appeals (1), as limited by his brief, from so much of a decree of the Surrogate's Court, Westchester County (Capeci, S.), dated November 22, 2013, as, after a hearing, and upon a decision of the same court dated November 22, 2013, finding that the ward, Shannon W., is a "mentally retarded and developmentally disabled" person within the meaning of Surrogate's Court Procedure Act article 17-A, appointed the ward's brother, Shane W., as standby guardian of the person and property of the ward, and (2) from an order of the same court dated December 23, 2013, which, upon the decision, granted him weekly visitation with the ward only on Saturdays from 10:00 a.m. to 5:00 p.m.

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that Kim M. is awarded one bill of costs.

Kim M. and Philip W. are the divorced parents of two emancipated adult children, Shane W., born in 1992, and Shannon W., born in 1993. Shannon was born with Down syndrome and was later diagnosed with autism, and is otherwise severely disabled. After Shannon reached the age of 18, her parents filed a joint petition in the Surrogate's Court to be appointed coguardians of her person and property. However, Shannon's father withdrew from that petition, and filed his own petition seeking to be her sole guardian. Shannon's mother responded by cross-petitioning for sole guardianship over Shannon. The mother's cross petition also requested that Shannon's brother, Shane, be appointed as her standby guardian. The father's petition was silent as to the appointment of a standby guard-

ian. While the father objected to the mother being appointed Shannon's sole guardian, he did not object to Shane being appointed Shannon's standby guardian. Pursuant to the latest interim order, the father had weekly unsupervised visitation with Shannon on Saturdays between 10:00 a.m. and 5:00 p.m.

The father was represented by several different attorneys at different times throughout these proceedings until his latest attorney was permitted to withdraw as his counsel. The proceedings were adjourned for several months in order for the father to retain new counsel in anticipation of the hearing that was to be held on the guardianship petitions. When the hearing began, the father, who appeared without an attorney, asked for another adjournment, stating, without any proof, that he had just recently retained an attorney about nine days prior to the hearing, and that his new attorney needed time to prepare for this matter which, by that time, had been pending for almost two years. The request was denied, and the hearing was held over two days, with the father appearing pro se. Following the hearing, the Surrogate's Court appointed the mother as Shannon's sole guardian and Shane as standby guardian, and maintained the father's weekly visitation with Shannon.

The father's contention that he was denied his right to a fair hearing when his latest adjournment request was denied, forcing him to proceed pro se, is without merit. "A request for an adjournment is addressed to the sound discretion of the court, and its determination will not be disturbed absent an improvident exercise of discretion" (*Matter of Kagno v Kagno*, 296 AD2d 410, 410-411 [2002]; *see Matter of Tripp*, 101 AD3d 1137, 1138 [2012]; *Matter of Cabral v Cabral*, 61 AD3d 863 [2009]). The father was given ample time to retain a new attorney prior to the commencement of the hearing in these proceedings which, by that time, had been pending for two years. In addition, there was a 14-day gap between the two hearing dates, yet the father did not appear with his attorney on the second hearing date. Under these circumstances, the Surrogate's Court's denial of the father's latest adjournment request was a provident exercise of discretion (*see People v Arroyave*, 49 NY2d 264, 271 [1980]; *People v Crown*, 51 AD2d 588, 589 [1976]).

The father's contention that the Surrogate's Court should have appointed him, instead of Shane, as Shannon's standby guardian is not properly before us, since the father did not ask the court to be appointed as standby guardian in the alternative, nor did he object to the mother's request that Shane be appointed as the standby guardian. In any event, we discern

no basis to disturb Shane's appointment as Shannon's standby guardian (*see* SCPA 1757; *Matter of Mueller*, 25 Misc 3d 165 [Sur Ct, Dutchess County 2009]; *Matter of Stevens*, 17 Misc 3d 1121[A], 2007 NY Slip Op 52097[U] [Sur Ct, NY County 2007]).

The father's remaining contention regarding visitation is without merit.

The mother's contention that the appeal should be dismissed because the father did not produce an appendix in compliance with CPLR 5528 (a) (5) and 22 NYCRR 670.10-b (c) (1) is without merit. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.