Matter of Delanie S. (Jeremy S.) (2018 NY Slip Op 06677)





Matter of Delanie S. (Jeremy S.)


2018 NY Slip Op 06677


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1055 CAF 17-00298

[*1]IN THE MATTER OF DELANIE S. AND ALEXANDRIA B. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JEREMY S. AND MICHELLE M., RESPONDENTS-APPELLANTS. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENTS-APPELLANTS.
WENDY G. PETERSON, OLEAN, FOR PETITIONER-RESPONDENT.
MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered November 10, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that the subject children were neglected by respondents. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the petitions and amended petitions are dismissed.
Memorandum: Respondents Jeremy S. and Michelle M. appeal from an order of Family Court that, inter alia, adjudicated the subject children to be neglected. We agree with respondents that petitioner failed to establish by a preponderance of the evidence "that [the children's] physical, mental or emotional condition[s have] been impaired or [are] in imminent danger of becoming impaired" (Matter of Anna F., 56 AD3d 1197, 1198 [4th Dept 2008]; see Family Ct Act § 1012 [f] [i]). Although the evidence adduced at the fact-finding hearing established that respondents used illicit drugs, the mere use of illicit drugs is insufficient to support a finding of neglect (see generally Anna F., 56 AD3d at 1198), and we conclude that petitioner failed to establish the requisite causal nexus between respondents' illicit drug use and the alleged impairment or imminent danger of impairment of the children's physical, mental, or emotional condition (see § 1012 [f] [i]; Anna F., 56 AD3d at 1198). Petitioner produced no evidence that respondents ever used drugs in the presence of the children (cf. Matter of Hailey W., 42 AD3d 943, 944 [4th Dept 2007], lv denied 9 NY3d 812 [2007]). Moreover, although the younger child suffered two accidents, each of which resulted in a fractured wrist, petitioner offered no evidence that respondents were using drugs or under the influence of drugs at the time the accidents occurred, respondents' innocent explanations for the accidents were uncontroverted at the fact-finding hearing, and there was no evidence of any impairment or imminent danger of impairment to the older child arising from respondents' alleged drug use. We further conclude that petitioner failed to establish a prima facie case of neglect by submitting evidence that respondents used drugs "to the extent that [such use] has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality" (§ 1046 [a] [iii]). Absent from the record was any evidence as to the duration or frequency of respondents' drug use (see Anna F., 56 AD3d at 1198; Matter of Anastasia G., 52 AD3d 830, 832 [2d Dept 2008]). We therefore reverse the order and dismiss the petitions and amended petitions.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court