Matter of Abizadeh v Abizadeh (2019 NY Slip Op 07393)





Matter of Abizadeh v Abizadeh


2019 NY Slip Op 07393


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-05694
 (Docket No. F-1320-18)

[*1]In the Matter of Ramin Abizadeh, appellant, 
v
Galit Abizadeh, respondent.


Ramin Abizadeh, Albertson, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated April 3, 2019. The order, insofar as appealed from, denied the father's objections to an order of the same court (Adam E. Small, S.M.) dated January 17, 2019, which, upon the parties' consent, directed the mother to pay child support to the father in the sum of only $225 per week until April 5, 2019, and thereafter in the sum of only $200 per week.
ORDERED that the order dated April 3, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the divorced parents of three children, two of whom, a son born in 1998 and a daughter born in 2002, were minors at the time the father filed a petition in January 2018 for child support with respect to those two children (hereinafter the subject children). Following the divorce, the children lived with the mother, and the father was obligated to pay child support. In October 2016, the parties' youngest son moved in with the father, and in December 2017, the parties' daughter moved in with the father. Subsequent to the commencement of this proceeding, a temporary order was entered requiring the mother to pay child support to the father in the sum of $82.50 per week for the subject children.
During the course of the hearing before the Support Magistrate on the father's petition, the parties settled the issue of the mother's child support obligation for the subject children. The father indicated that the issue of his application for an award of attorneys' fees remained an open, separate issue. As a result, the Support Magistrate adjourned the matter to a future date to address that open issue. In an order dated January 17, 2019, the Support Magistrate stated that the parties had voluntarily stipulated that the mother would pay the father $225 per week in child support retroactive to the date of the filing of the petition until April 5, 2019, when the older of the subject children would be emancipated, and then $200 per week in child support for the remaining unemancipated child.
Subsequently, the mother and the father each filed objections to the Support Magistrate's order. The father argued that the Support Magistrate erred in imputing income to the mother in the amount of $46,800 rather than income in an amount of $89,500 and in failing to award him attorneys' fees. In an order dated April 3, 2019, the Family Court denied both parties' objections on the basis that the parties had consented to the terms of the Support Magistrate's order. [*2]The father appeals from so much of the order as denied his objections.
We agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order. The Support Magistrate's order as it pertained to the mother's support obligation with respect to the subject children was entered upon the consent of the parties (see Matter of Comoletti v Papapietro, 171 AD3d 745, 746; Matter of George v Neville, 143 AD3d 711; Matter of Cabral v Cabral, 61 AD3d 863, 864).
The father's application for an award of attorneys' fees was unresolved at the time the Support Magistrate's order was issued inasmuch as the parties agreed that the attorneys' fees issue was, in effect, severed and to be determined by the Support Magistrate at a later date. Accordingly, we agree with the denial of the father's objections to the Support Magistrate's order with respect to the failure to award him attorneys' fees.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court